Sidney Todd et al., Plaintiffs in Error, *v.* William Cowell et al., Defendants in Error.

### ERROR TO MONROE.

If a public officer gives particular security to parties, whose interests are intrusted to his hands, for the faithful discharge of his duties towards them, such security may be enforced.

The facts of this case are stated in the opinion of the court. The cause was heard before Koerner, Justice, at March term, 1848, of the Monroe Circuit Court.

J. Gillespie and George Trumbull, for plaintiffs in error.

G. Koerner and W. B. Scates, for defendants in error.

Caton, J. The declaration in this case is upon a bond, alleged to have been executed by the defendants and several others, who have since deceased, in the penal sum of 12,000 dollars, and payable to the plaintiffs for the use of trustees of schools for a certain township for the use of schools, conditioned that Cowell, one of the obligors, should faithfully discharge all the duties required of him by law as school commissioner, and pay over all moneys, and deliver all books and papers, &c., that might come to his hands as school commissioner, when required of him; assigning as a breach, that certain moneys belonging to the inhabitants of the township specified, came to his hands as such commissioner, and which he has refused to pay over to the treasurer of the township when requested, but that he retains the same.

To this declaration, a demurrer was filed, which was sustained by the court, to reverse which decision, the case is brought to this court.

It is not pretended that this is such an official bond as the school commissioner was required to execute. The statute required him to execute an official bond payable to the people, and upon which it was provided that an action might be maintained for the use of any township or fund injured by a breach thereof. As upon a statute bond, therefore, this decision cannot be sustained. If supported at all, it must be upon the principles of the common law. We are not aware of any principles of the common law which requires us to hold this bond to be a nullity. It imports a sufficient consideration. It is be-

Todd et al. *v.* Cowell et al.

tween parties capable of contracting, and is not for an illegal purpose. It is for the use of parties who have a legal right to have its condition performed. We can see no reason why it is an objection, that it is conditioned for the performance of official duties by a public officer, in the performance of which the parties for whose use the bond was given, have an interest. Certainly, the commissioner was as much bound to pay over the money as if he had received it as a private individual, or as an agent appointed by the trustees for that purpose; and yet, it would hardly be contended that if he had received the money in this latter capacity, a bond, conditioned that he should pay it over, would be void. Such a position would hardly be thought of, and we seek in vain for a reason why he should not be equally liable, when he has received the money as a public officer. In the receipt of this money he acted as the agent of the township, and such the statute declares him, and, as such, his liabilities are none the less, because he was appointed to the agency by an election.

It is true, that the obligees in the bond may have had no interest in having the acts performed which were intended to be guaranteed by the bond, but they were parties capable of contracting, and we know of no principle of the common law which prevents the interests of one party from being secured in the name of another. The legal title to a *chose in action* may be held by one person in trust for another, as well as the title to property, and courts of law are, at this day, in the constant habit of enforcing such claims in the name of the trustee, for the benefit of the *cestui que trust*. Had the *cestui que trust*, instead of the trustees, been the obligees in the bond, could it be contended that the bond would be void? As before remarked, the bond imports consideration, and if it did not, the money received by the obligor would certainly constitute a sufficient consideration. Nor can we perceive any objection to such a bond on the ground of public policy. The execution of this bond would not exonerate the commissioner from the execution of the official bond required by the statute. If a public officer chooses to give particular security to parties whose interests are intrusted to his hands, for the faithful discharge of his duties towards them, and especially for the payment of money which he may receive, we perceive no good reason why such security may not be enforced. Instances might occur where prudence would require a party to ask such security of a sheriff before instructing him to receive a large amount of money; and, if given, we should not hesitate to enforce it. We are of opinion

that this declaration is sufficient, and that the court erred in sustaining the demurrer.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*