## THE BOARD OF TRUSTEES OF TOWNSHIP 35, etc.

v.

## JACOB SCHEIK ET AL.

TOWNSHIP TREASURER'S BOND—NOT SIGNED BY PRINCIPAL—LIABILITY OF SURETIES.—Where the declaration, counting upon an official bond, alleged that the defendants as sureties, signed and delivered such bond to the plaintiffs, it is sufficient, on demurrer, although oyer of the bond being prayed, it appeared that the bond was not signed by the principal obligor

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed January 19, 1882.

The declaration in this case is upon a bond signed by the defendants in the penal sum of $60,000, conditioned that one Philip Reitz, township treasurer of said township 35 N. R., 13 W., should faithfully discharge all of the duties of said office, etc., and the breach alleged is, that he failed to pay over to his successor the sum of $10,000 in his hands as such treasurer, when his term of office determined and his successor was appointed. The defendants prayed oyer of the bond and the condition, set them forth fully upon the record, and demurred to the declaration.

It appears from the bond spread upon the record, that the said Reitz was the first one named in the obligatory part, followed by the names of the defendants in this suit, and the condition recited, "If the above bound Philip Reitz shall," etc., but the bond was not signed by said Reitz.

The defendants, in support of their demurrer, argued that the bond was not a valid obligation upon them as sureties, because it was not executed by the principal, and further, that it appears upon the face of the bond that it was delivered as in escrow only, and upon a condition precedent, which had not been fulfilled. The plaintiffs, on the contrary, insisted that even if the bond was not a statutory one, it was at all events a valid common law obligation, and enforceable as such.

Mr. James Frake, Mr. B. W. Ellis, and Mr. G. D. A. Parks, for appellants; that where a bond is required, and the bond is voluntary, it will be good, if the exact statutory form is not followed, cited Pritchett v. The People, 1 Gilm. 525; Fournier v. Faggott, 3 Scam. 347; Ballingall v. Carpenter, 4 Scam. 306.

It is good as a common law obligation: Todd v. Colwell, 14 Ill. 72; Coons v. The People, 76 Ill. 383; Richardson v. The People, 85 Ill. 495; Board of Education v. Fonda, 77 N. Y. 350.

It is binding upon those who sign it, although others whose names are written in the body of the bond do not sign it: Burger v. Belsley, 45 Ill. 72; Keyes v. Keen, 17 Pa. 330; Haskins v. Lumbard, 10 Me. 142; Scott v. Whipple, 5 Greenl'f 336; Cutter v. Whitmore, 10 Mass. 444; Grumm v. School Directors, 51 Pa. 211; Inhabitants, etc. v. Show, 50 Me. 36; Town v. Kellet, 11 Geo. 286; Blume v. Barrows, 2 Ired. 338; State v. Lewis, 73 N. C. 138; Ward v. Chum, 18 Gratt. 809; Johnson v. Weatherwax, 9 Kan. 75; Smith v. Sup'rs, 59 Ill. 414; Loew v. Stocker, 68 Pa. 226; State v. Bowman, 10 Ohio, 445; Miller v. Turnis, 10 U. C. 423; Williams v. Marshall, 42 Barb 524; Herrick v. Johnson, 11 Met. 34; Adams v. Bean, 12 Mass. 139; Parker v. Bradley, 2 Hill, 584; Wild Cat Branch v. Ball, 45 Ind. 213; Comyn's Dig. Bail, 2; Chicago v. Gage 95 Ill. 618.

Messrs. HILL & DIBBELL, for appellees; that the liability of sureties upon a bond is to be strictly construed, cited Covington v. Smith, 78 Ill. 250; Steele v. Hance, 62 Ill. 55; Cooper v. The People, 85 Ill. 417; Miller v. Stuart, 9 Wheat. 702; Martin v. Thomas, 24 How. 315: Roberts v. Parlin, 81 Ill. 230; Chilton v. The People, 66 Ill. 501.

An alteration of the contract without consent of the sureties, releases them: Polak v. Everett, 3 Cent. Law Jour. 307; Organ v. Allison, 9 Chicago Legal News, 250; Wood v. Steele, 6 Wall. 80.

The bond is incomplete till signed by all the parties intended to be bound: Curtis v. Moss, 2 Rob. 367; Villera v. Brognier, 3 Mart. O. S. 349; Wells v. Dill, 1 Mart. N. S. 592; Fletcher v. Light, 4 Bush. 303; Smith v. Moberly, 10 B. Mon. 266; Hall v. Smith, 8 Cent. Law Jour. 398; Sharp v. U. S. 4 Watts, 21; State Bank v. Evans, 3 Green. 155; Deardoff v. Foresman, 24 Ind. 481; Webb v. Baird, 27 Ind. 369; Dain v. U. S., 16 Wall. 5; Evans v. Bainbridge, 34 E. L. & E. 397; Nash v. Fugate, 24 Gratt. 202; State v. Potter, 16 Am. Law Reg. 170; Fletcher v. Baxter, 11 Vt. 447; Passumpsic Bank v. Goss, 31 Vt. 315; Hall v. Parker, 37 Mich. 590; Johnston v. Kimball Township, 39 Mich. 187; Cawley v. The People, 95 Ill. 258; Warpel v. Franz, 76 Pa. St. 88.

Execution of the bond by the principal is essential to its validity: Pothier on Obligations, *365; Theobald on Principal and Surety, 1; Ferry v. Burchard, 21 Conn. 602; Bean v. Parker, 17 Mass. 603.

PILLSBURY, J. We have examined the declaration filed herein, and find that in form it strictly follows the approved precedents in declaring upon penal bonds with conditions attached, and not being obnoxious to any technical objection, it is evident that in sustaining the demurrer to it, the court below was of the opinion that the instrument declared on was so incomplete as to be a nullity, and no action could be maintained thereon. The allegations of the declaration show that the defendants delivered this bond to the plaintiffs, as the official bond of Reitz, and was by the trustees received and approved as

such, and that Reitz thereafter, as treasurer, received the money which he failed to account for, and for which this suit is brought. It is true that the declaration does not use the words " delivered the same to the plaintiffs," but the averments made necessarily in part, that the instrument was by the defendants delivered to the plaintiffs, and under proper issues the plaintiff would, under this declaration, be required to prove upon trial a delivery of the instrument to them, as in other cases. It is a requirement of the statute, § 55 Ch. 122, R. S. 1874, that the treasurer shall, before entering upon his duties, execute a bond with two or more free-holders as sureties, payable to the board appointing him, with a sufficient penalty to cover all liabilities which may be incurred, and such bond is to be approved by a majority of the board.

Under this statute the trustees ought not to accept or approve any bond not executed by the treasurer. If, however, the trustees should be satisfied with a bond signed by a sufficient number of persons, and possessed of the qualifications required by statute as sureties of the treasurer, and delivered by such sureties as the official bond of such treasurer, upon what principle of the common law can the courts declare such bond void, although not executed by the principal obligor?

Such bond implies a sufficient consideration; no provision of the statute has been cited that prohibits parties from entering into such contracts, neither do we perceive wherein it is against public policy for them to do so. Parties must be permitted to make their own contracts, and if not unlawful as being against public policy, or prohibited by legislative enactment, they should be held as valid common law obligations. Official bonds not executed in conformity with the statute, so as to make them good statutory bonds, have, by our supreme court, been so frequently held valid as common law obligations, that such doctrine must be considered as well settled in this State. Todd v. Cowell, 14 Ill. 72; Prichett v. The People, 1 Gilm. 525; Coons v. The People, 76 Ill. 383; Richardson v. The People, 85 Ill. 495.

We must presume from the allegations of this declaration, and admitted by the demurrer to be true, that the defendants

in this cause delivered said bond to the trustees, and such delivery was absolute and unconditional, intending to be bound thereby without the signature of their principal thereto, and if they did so, in our opinion said bond is obligatory upon them. A bond like the one in suit is not, in our view, necessarily incomplete nor void, for it may be that the parties who did sign, intended to be bound by it in such condition.

The fact that Reitz's name appears in the body of the bond, since the bond is not signed by him, is evidentiary only, and cannot be considered upon the question arising upon this record. Smith v. Board of Supervisors, 59 Ill. 414.

We are not permitted to assume in the present state of this record, that the delivery of this bond to the obligees was accompanied by any conditions or stipulations, that Reitz was also to sign before it should be binding upon the defendants as his sureties. Whether any facts exist in this case which will exonerate the defendants or show their non-liability upon the bond for want of delivery thereof, must be made to appear at a subsequent stage of the proceedings, by proper pleadings and evidence in the case.

We have not deemed it necessary nor even proper for us to notice herein the many decisions cited by counsel for the respective parties, in some of which the sureties have been held liable, and in others not liable, when the bond was not signed by the principal, as those decisions appear to be based upon facts proved at the trial, and which do not arise upon a demurrer to a declaration counting generally upon such a bond. The only case to which our attention has been directed, where it was sought to raise the question here discussed, upon demurrer to the declaration, is that of Wild Cat Branch v. Ball, 45 Ind. 213, where it was held as to the liability of the surety, that as he could bind himself without the signature of his principal, and the declaration alleging that he did so, and the demurrer admitting it, the demurrer should be overruled. This principle of pleading applies in this case. As the bond in suit was given in a case where the law permitted sureties to become bound without their principal being bound by the same instrument, and it being admitted upon this record that

they did so bind themselves, we must hold, under the present state of this record, that the bond sued upon is a valid obligation as to the defendants signing it. There are no sufficient facts appearing in this record that would justify us in holding the bond void. For the reasons stated we are of the opinion that the court erred in sustaining the demurrer, and the judgment will therefore be reversed, and the cause remanded for further proceedings.

Judgment reversed.