## DE LA GARZA v. GONZALEZ.

### No. 11490.

Court of Civil Appeals of Texas. San Antonio.

March 14, 1945.

Rehearing Denied April 4, 1945.

T. M. West, of San Antonio, and E. G. Lloyd, Jr., of Alice, for appellant.

Goodhue Weatherly, of Falfurrias, and Gerald Weatherly, of Corpus Christi, for appellee.

MURRAY, Justice.

This is a will contest case, wherein appellant, Nicasio de la Garza, sought to have probated an alleged will of Leonor de la Garza, deceased, dated July 30, 1942. Appellee, R. M. Gonzalez, contested this application and sought to have probated an alleged will of Leonor de la Garza dated April 6, 1944.

The contest was heard in the County Court of Duval County and judgment rendered probating the will of Leonor de la

846

Garza, dated July 30, 1942, and denying the probate of the will of Leonor de la Garza dated April 6, 1944.

Appellee appealed from this judgment of the County Court to the District Court of Duval County. A trial de novo was had before the court without the intervention of a jury and resulted in judgment probating the will dated April 6, 1944, and denying probate of the will dated July 30, 1942.

From this judgment Nicasio de la Garza has prosecuted this appeal.

Appellant's first contention is that the District Court of Duval County never acquired jurisdiction of this cause because the appeal bond filed by R. M. Gonzalez in perfecting his appeal from the County Court to the District Court was void and insufficient as an appeal bond. The bond was signed by R. M. Gonzalez, as principal, and Mrs. R. M. Gonzalez and L. G. Garcia, as sureties. Mrs. R. M. Gonzalez is stated to be the wife of R. M. Gonzalez. There is no evidence establishing this fact other than the similarity of the names. The validity of such appeal bond is raised for the first time in this Court.

Rule 332, Texas Rules Civil Procedure, provides that such an appeal bond must be signed by two or more good and sufficient sureties. It is settled law that a wife is not a competent surety for her husband. However, as above stated, there is no evidence that the Mrs. R. M. Gonzalez who signed the appeal bond was the wife of appellee, R. M. Gonzalez. Such a presumption might be indulged in from the similarity of their names, but this presumption is overcome by the stronger presumption that officers do their duty and that judicial proceedings are regular. The County Clerk of Duval County approved the appeal bond and we must presume, in the absence of proof to the contrary, that he would not have done so if one of the sureties had been incompetent. Furthermore, all parties treated the bond as valid and appeared in the District Court for a hearing. No question was ever raised as to the validity of the bond until after the cause had been heard and determined by the District Court, thus, again in the absence of proof to the contrary, we must presume that these proceedings·were regular. Waller v. Edmonds, 47 Tex. 468; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 164 S.W.2d 488; Richard-

son v. People, 85 Ill. 495; 30 Tex.Jur. 600, § 14.

Appellant's last contention is that the judgment of the District Court is overwhelmingly against the great weight and preponderance of the evidence shown by the physical condition of Leonor de la Garza. We overrule this contention. A number of witnesses testified in effect that Leonor de la Garza was of sound mind at the time she executed the will dated April 6, 1944. The trial judge, who was the trier of facts, had a right to believe this evidence and to find therefrom that Leonor de la Garza was of sound mind at the time she signed this will.

The judgment is affirmed.