## Novel Blair *et al.*

### *v.*

## James N. Reading *et al.*

*Filed at Ottawa June 21, 1882.*

1. SUPERSEDEAS BOND—*when a dismissal of the writ of error amounts to an affirmance of the judgment—as affecting liability on the bond.* A dismissal of a writ of error for want of prosecution, where the court has jurisdiction of the case, is treated as an affirmance of the decree or judgment below, within the meaning of the usual conditions in a *supersedeas* bond; but the rule is otherwise when the writ of error is dismissed for want of jurisdiction.

2. Where the order granting a *supersedeas* required bond to be given conditioned that the defendant should perform the decree against him in case it should be "affirmed by the dismissal of" the writ of error, and the bond given contained this condition and the words "in case the said writ of error shall be dismissed," and the writ of error was dismissed by this court for want of jurisdiction, it was *held*, that the condition must be understood as the same as the order—that is, that in case the decree should be affirmed by the dismissal of the writ, and that the dismissal of the writ for want of jurisdiction was not an affirmance of the decree so as to make the obligors of the bond liable thereon.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Will county; the Hon. Josiah McRoberts, Judge, presiding.

Mr. W. T. Hopkins, and Mr. A. W. Bulkley, for the appellants.

Messrs. Hill & Dibell, for the appellees.

Mr. Chief Justice Scott delivered the opinion of the Court:

This action in form is in debt, and was brought on a *supersedeas* bond. Previous litigation between the plaintiffs in this suit and the principal defendant, resulted in the former obtaining a decree against the latter for several sums of money, amounting in the aggregate to a considerable

sum.    That decree defendant desired to have reviewed in the
Supreme Court, and for that purpose made an application to
a justice of the Supreme Court, at his chambers, in vacation,
for a *supersedeas*, that the proceedings against him might be
stayed until the determination of the case on the writ of
error he was about to sue out.    On presenting a transcript
of the decree and other proceedings against him, the justice
of the Supreme Court to whom the application was made
indorsed on the record an order making the writ of error to
be issued therein a *supersedeas*, in accordance with the pro-
visions of the statute, on defendant giving bond in a sum
fixed by such order, with his co-defendants as sureties, which
order provided the bond to be given should be conditioned to
pay to plaintiffs the sums of money mentioned in the decree,
in case the decree set out in the transcript should be
"affirmed by the dismissal of said writ of error or upon hear-
ing, and for the payment of whatever judgment may be ren-
dered in the Supreme Court."    The *supersedeas* bond required
by the order to be given, was given with sureties, as pre-
viously stated.    In the bond it was recited what the order of
the justice of the Supreme Court making it required it should
contain, and the condition was in the usual form, viz., that
the principal would perform the decree against him in case
the writ of error should be dismissed, or the decree should be
affirmed in the Supreme Court, and moreover pay whatever
judgment or decree should be rendered against him in the
Supreme Court.    Breaches on the conditions of the bond
were assigned, to which defendants filed six pleas, to all of
which, except the second in the series, a demurrer was sus-
tained by the court.    A trial was had on the plea of *non est
factum*, which resulted in a judgment in favor of plaintiffs
for the aggregate amount of the several sums mentioned in
the decree, against the principal defendant.

It will only be necessary to notice matters set up in the
special pleas by way of defence to the breaches assigned on

the bond declared on. Of course the demurrer admits the facts alleged in the special pleas to be true, and the question raised is, whether they constitute any defence to the action. It will simplify the discussion very much if the exact point at issue shall be first ascertained. It is not claimed the original decree against the principal in the bond was affirmed on a hearing of the cause in the Supreme Court, nor that the Supreme Court. rendered any judgment against him that he did not pay and discharge. It is averred, as breaches of the conditions of the bond, that defendant did not prosecute his appeal with effect, but made default in that regard, and did not pay the sums of money specified in the decree contained in the transcript. It was upon that issue made by the pleadings the cause was tried, and as the matters alleged in defence were deemed insufficient in law to bar the action, judgment was rendered against defendants.

It will be observed the order of the justice of the Supreme Court granting the *supersedeas* required the bond to be conditioned the defendant should perform the decree against him in case it should be "affirmed by the dismissal of said writ" of error. The bond itself contains this condition, and by the words "in case the said writ of error shall be dismissed" must be understood what the order itself required, viz., that in case the decree shall be "affirmed by the dismissal of the writ." Otherwise the obligatory part of the bond would be broader and more comprehensive than the order required it should be, and would be inconsistent with itself. As a matter of fact, the decree contained in the transcript was not "affirmed by a dismissal of the writ" of error in the Supreme Court. It was dismissed for want of jurisdiction in the court to hear the writ at all. That was in no sense an affirmance of the original decree. A dismissal of a writ of error for want of prosecution when the court has jurisdiction of the case, has always been treated as an affirmance of the decree or judgment, within the meaning of the usual conditions of

such bonds. But the rule must be different where the court has no jurisdiction in the premises. , It is for the obvious reason the court has no jurisdiction to pronounce a judgment of affirmance, and it would be a *non sequitur* to say a court may affirm a decree when it has no jurisdiction to hear the case for any purpose.

The judgment of the Appellate Court will be reversed, and the cause remanded.

*Judgment reversed.*