NOAH BARNES

*v.*

JOHN R. BROOKMAN *et al.*

*Filed at Ottawa May 10, 1883—Rehearing denied September Term, 1883.*

| 107 | 317 |
|-----|-----|
| 135 | 110 |
| 107 | 317 |
| 149 | 210 |
| 107 | 317 |
| 156 | 552 |
| 107 | 317 |
| 75a | 324 |
| 107 | 317 |
| 176 | 367 |
| 77a | 122 |
| 107 | 317 |
| 80a | 30 |
| 81a | 450 |
| 107 | 317 |
| 82a | 190 |
| 82a | 366 |
| 107 | 317 |
| 209 | 1 26 |

1.  PLEADING OVER—*waiver of demurrer.*  By pleading over a defendant waives his demurrer to the declaration, and can not thereafter assign error on any ruling in regard to it.

2.  AMENDMENTS AND JEOFAILS—*defective pleading cured after judgment.*  If no motion is made in arrest of judgment, section 6 of the Statute of Amendments prevents a reversal "for any mispleading, insufficient pleading," etc.  The rule is, a verdict will aid a *defective statement* of title, but will never assist a statement of a *defective title* or cause of action.

3. BOND—*good as a common law obligation, though not in compliance with the statute.* An obligation entered into voluntarily, and for a sufficient consideration, unless it contravenes the policy of the law, or is repugnant to some provision of the statute, is valid at common law, notwithstanding the attempt may have been to execute it pursuant to a statute with the terms of which it does not strictly comply.

4. INJUNCTION BOND—*of its conditions.* It has been held, in case of enjoining the collection of a promissory note, the statute prescribes no rule in regard to the conditions to be inserted in the bond, and that the chancellor or master may, hence, in the exercise of a reasonable discretion, require the complainant to give security for the payment of the debt, in case he fails to maintain his suit.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of debt, in the Superior Court of Cook county, by appellees, for the use of William C. Minard, against appellant and Abraham Moses, on a bond, of which the following is a copy:

"Know all men by these presents, that we, Abraham Moses and Noah Barnes, of the county of Cook, and State of Illinois, are held and firmly bound unto John R. Brookman and T. M. Bradley, of the same county and State aforesaid, in the sum of $1200, to be paid to the said John R. Brookman and T. M. Bradley, their executors, administrators or assigns, for which payment, well and truly to be made, we bind ourselves jointly and severally, and our respective heirs, executors and administrators, firmly by these presents. Sealed with our seals, and dated this 4th day of May, A. D. 1872.

"Whereas, the above bounden Abraham Moses has filed his bill of complaint in the Superior Court of Cook county, and State of Illinois, against the above named John R. Brookman and T. M. Bradley, praying, among other things, for an injunction to restrain said T. M. Bradley from taking any further steps towards the enforcement of a judgment entered against Abraham Moses by said John R. Brookman,

in the Superior Court of Cook county, December 21, 1871, or from levying on any of said Moses' property, or intermeddling with the same, under any execution issued under said judgment, and to restrain said Brookman from disposing of three other promissory notes given by Abraham Moses and Martha Moses to John R. Brookman; and whereas, said court has allowed an injunction for that purpose, according to the prayer of said bill, upon the said Abraham Moses giving bond and security as provided by law:

"Now, therefore, the condition of the above obligation is such, that if the above bounden Abraham Moses and Noah Barnes, their executors or administrators, or any of them, shall and do well and truly pay, or cause to be paid, to the said John R. Brookman and T. M. Bradley, their heirs, executors, administrators or assigns, the sum of $1200; and also all such costs and damages as shall be awarded against the said complainants in case the said injunction shall be dissolved, then the above obligation to be void; otherwise to be and remain in full force and effect.

(Signed)    A. MOSES,    [Seal.]

NOAH BARNES.    [Seal.]"

The bond was executed to obtain a writ of injunction, which was thereupon issued, enjoining and restraining said John R. Brookman and Timothy M. Bradley from taking any further steps toward the collection and enforcement of a certain judgment note upon which judgment was entered in the Superior Court of Cook county, December 21, 1871, in favor of John R. Brookman, against Abraham Moses, in the sum of $557.57, etc., and enjoining and restraining John R. Brookman from entering up judgment against Martha Moses on a certain judgment note for $500, upon which judgment had already been entered up against Abraham Moses, as aforesaid, or from transferring said judgment, and from transferring, assigning or selling, or entering up judgment on three prom-

issory notes, for $500 each, given by Abraham Moses and Martha Moses, and held by said John R. Brookman, etc.

The injunction was dissolved, but no damages were awarded by the court. The order of dissolution is as follows, omitting the caption: "This day come the complainants hereto, by * * * their solicitors, and the defendants, by * * * their solicitors, also come. And thereupon the said defendant submits his motion herein to dissolve the injunction heretofore granted in this cause, and the court now here, after hearing affidavits read in support of the same, and in the opposition thereto, and being fully advised in the premises, sustains said motion, and it is ordered by the court that the said injunction be and the same is hereby dissolved."

The defence of accord and satisfaction was interposed, but inasmuch as no question arising thereon is discussed in the opinion, it is unnecessary to set out the evidence arising thereon.

The cause was submitted to and tried by the court without the intervention of a jury, by agreement of parties. The court rendered judgment for plaintiffs for $1200 debt, and $1200 damages, and costs of suit. On appeal from this judgment to the Appellate Court for the First District it was affirmed. This appeal is from that judgment.

Mr. GEORGE H. LEONARD, for the appellant.

Mr. CHARLES H. CRAWFORD, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question sought to be raised upon this record relates to the amount of damages embraced by the judgment of the Superior Court. That some amount was recoverable is not questioned; it is simply controverted that the amount could be, under the evidence, equal to the full penalty of the bond. By pleading over the defendants waived their demur-

rer, and could not thereafter assign error on any ruling in regard to it. (*American Express Co.* v. *Pinckney,* 29 Ill. 392; *Walker et al.* v. *Welch et al.* 14 id. 277.) No motion in arrest of judgment was made, and the statute (Rev. Stat. 1874, sec. 6, chap. 7, title, "Amendments and Jeofails,") prevents a reversal "for any mispleading, insufficient pleading," etc. No objection was taken to the admission of evidence, nor was any motion made to exclude evidence after it was admitted. No proposition of law was submitted to and passed upon by the court, and it is not shown that any question of law was distinctly presented to the court by the motion for a new trial, which was passed upon by the court in overruling that motion. The question, therefore, upon which we are asked to pass is purely one of fact.

But the finding of the Appellate Court is conclusive on all such questions, and it is of no moment how great or how slight may be the evidence the one way or the other, provided only the question is purely one of fact, to be determined from the preponderance of the evidence. *Edgerton* v. *Weaver et al.* 105 Ill. 43.

The judgment is affirmed.

*Judgment affirmed.*

Subsequently, on an application for a rehearing, the following additional opinion was filed:

Per CURIAM: A petition praying for a rehearing in this case is presented to us, based upon the assumed ground that we have, in the opinion heretofore filed, misapprehended appellant's position, and it is therein said: "Appellee concedes that if appellant was entitled to recover anything, he should have obtained judgment for the full amount of the penalty of the bond." This, then, presents only the question whether the bond is void upon its face; for if it is valid, there can, of course, be some recovery under it.

We have several times held that an obligation entered into voluntarily, and for a sufficient consideration, unless it contravenes the policy of the law, or is repugnant to some provision of the statute, is valid at common law, notwithstanding the attempt may have been to execute it pursuant to a statute with the terms of which it does not strictly comply. *Pritchett* v. *The People,* 1 Gilm. 525; *Fournier* v. *Faggott,* 3 Scam. 347; *Ballingall* v. *Carpenter,* 4 id. 306; *Todd* v. *Cowell,* 14 Ill. 72. This bond was voluntarily entered into. It was entered into upon consideration of the issuing of a writ of injunction, which is, beyond all question, a sufficient consideration; and it is not pointed out in argument, and we are unable to perceive of our own motion, wherein it contravenes the policy of the law, or is repugnant to any statutory provisions. Indeed, we have held, in case of enjoining the collection of a promissory note, the statute prescribes no rule in regard to the conditions to be inserted in the bond, and that the chancellor or master may, hence, in the exercise of a reasonable discretion, require the complainant to give security for the payment of the debt, in case he fails to maintain his suit. *Billings* v. *Sprague,* 49 Ill. 509.

Whether this bond is to be regarded as penal or absolute, we are, both by the concession of appellant and the fact that as the record comes before us we can consider such questions only as may be entertained on error, relieved from inquiring into. At most, here, there was but a defective statement of the plaintiff's cause of action, and the rule is, a verdict will aid a *defective statement* of title, but will never assist a statement of a *defective title* or cause of action. 1 Chitty's Pleading, (14th Am. ed.) 680, *681; 2 Tidd's Practice, (3d Am. ed.) 918, *919.

The rehearing is denied.