HOKE & BURTON SMITH, for plaintiff in error.

WALTER R. BROWN and J. H. LUMPKIN, *contra.*

---

## MEMMLER *vs.* ROBERTS. DUFF *vs.* JONES & SONS MANUFACTURING COMPANY.

SIMMONS, J.—Both of these cases are controlled by the cases of *Maxwell vs. Tumlin* and *Pope vs. Jones,* decided at the last term of this court, (79 *Ga.* 487, 570,) in which cases it was held that the superior court of Bartow county had no power or jurisdiction to review the proceedings of the city court of Bartow county upon a bill of exceptions from the city court to the superior court.

Judgment reversed. (Head-note by the court.)

May 11, 1888.

Courts. Jurisdiction. Bartow county. Before Judge FAIN. Bartow superior court. July adjourned term, 1887.

These cases were suits in the city court of Bartow county, and after trial there, were taken by bill of exceptions to the superior court of that county. When the Memmler case was called in the latter court, counsel for Mrs. Memmler insisted that the superior court had no jurisdiction to entertain the case or reverse the judgment of the city court, and was not empowered to hear such a case so made from the city court, and had no jurisdiction to grant new trials in the city court or to reverse the judgment of the city court on motion for new trial; and that any legislation pretending to confer such power was unconstitutional and void. The court ordered the judgment of the city court reversed on the ground that the city court judge erred in refusing a new trial. The plaintiff excepted and says there was error (1) in granting this order; (2) in not refusing to entertain jurisdiction; and (3) in refusing to dismiss the bill of exceptions from the city court on the grounds taken in the motion to do so.

In the Duff case also a new trial was granted. The plaintiff excepted, and the fourth assignment of error in his bill of exceptions to the Supreme Court was, to the order granting a new trial as a whole "upon the ground that the judgment of the city court could not be reviewed by the superior court except upon the writ of *certiorari* regularly issued."

J. W. AKIN and J. A. BAKER, for plaintiffs.

W. I. HEYWARD, SHELBY ATTAWAY, and E. D. GRAHAM, for defendants.