# Fred Garst et al. Fred Garst, Appellee, v. Charles S. Jackson, Appellant.

## Gen. No. 23,636.

1. INJUNCTION, § 334*—*when bond is binding.* A bond given on the issuance of an injunction which not only contains the conditions prescribed by Hurd's Rev. St. ch. 69, sec. 8 (J. & A. ¶ 6168), but also the further condition to pay the obligees such damages as may be "sustained" by them "or any one or more of them" by reason of the wrongful issuing of the injunction, is a voluntary obligation given on a good consideration consisting of the issue of the injunction and is binding on the obligor not only as to the statutory conditions but also as to the added condition.

2. BONDS, § 28*—*who must be parties plaintiff.* In an action on a bond in which the legal interest of the obligees is joint, they must all appear as parties plaintiff.

3. APPEAL AND ERROR, § 1666*—*when irregularity in making persons parties to action is waived.* Irregularity in the procedure by which persons become parties plaintiff to an action is waived where the defendant made no motion to strike or dismiss and assigns no error on that ground on appeal.

4. BONDS, § 41*—*who entitled to judgment in action by joint obligees.* Although all the obligees in a bond in which they have a joint legal interest must join in a suit thereon, the judgment will be for the use of that party who is shown to be equitably en-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Garst v. Jackson, 211 Ill. App. 360.

titled to the money, where the condition is joint and several and binds the obligor to pay the obligees such damages as have been sustained by them or any one or more of them.

5. INJUNCTION, § 342*—*when surety on bond is concluded by damages awarded on dissolution of.* The surety on an injunction bond conditioned to pay such damages as may be awarded against complainant in case the injunction shall be dissolved is generally concluded by the damages as so awarded in that action although he is not a party thereto.

6. INJUNCTION, § 384*—*when error in amount of damages awarded on dissolution not available.* Even though it was improper, on the dissolution of an injunction, to award damages against complainant in an amount exceeding 10 per centum of the enjoined judgment, such error cannot be availed of on an appeal from the judgment in a suit on the injunction bond.

7. INJUNCTION, § 338*—*when conditions of bond construed as joint and several.* Conditions of an injunction bond *held* to be, under a reasonable construction of the language employed, joint and several.

8. INJUNCTION, § 355*—*when decree in injunction proceedings is admissible in action on bond.* Where an injunction bond contains conditions by the obligor to pay such damages as may be sustained and such costs and damages as shall be awarded the obligees or any one or more of them, it is proper to admit in evidence, in an action on the injunction bond, the decree awarding damages entered in favor of a defendant in the injunction proceeding who is a plaintiff in the action on the bond, even though the decree awards damages in excess of 10 per centum of the judgment enjoined.

9. DAMAGES, § 190*—*what is effect of decree as evidence of.* A decree in favor of one is at least prima facie evidence that he sustained damages and to the amount awarded.

Appeal from the Municipal Court of Chicago; the Hon. JOHN A. RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 15, 1918.

CHARLES A. WARD, for appellant.

LEVISOHN & LEVISOHN, for appellee; ISRAEL COWEN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Thomson delivered the opinion of the court.

This is a suit in attachment brought in the Municipal Court of Chicago by Fred Garst, the appellee, hereinafter referred to as the plaintiff, against Charles S. Jackson, the appellant, hereinafter referred to as the defendant, on a bond given by one Prentiss with the defendant as surety, in connection with the issuance of an injunction by the Circuit Court of Cook county, which restrained the plaintiff here, with others, from enforcing a judgment amounting to $206.62, which had been recovered against Prentiss in the Municipal Court. Prentiss was the complainant in the injunction proceedings.

By the terms of the bond in question, Prentiss, as principal, and the defendant, as surety, were held and firmly bound unto the obligees named, in the sum of $1,000. The bond recited that Prentiss had filed his bill of complaint against said obligees, praying for an injunction restraining the taking of any further proceedings in the case of *Daniel J. Garst v. Frank J. Prentiss* in the Municipal Court, and that it had been ordered that an injunction issue upon said Prentiss, giving bond and security ''as provided by law.'' The condition of the bond was such that if Prentiss or the defendant, or either of them, shall pay or cause to be paid to the said obligees ''Anton J. Cermak, bailiff of the Municipal Court of Chicago, Joseph Crawford, deputy bailiff of the Municipal Court of Chicago, Arthur A. Levisohn and Sol. Levisohn, Fred Garst and Peterson City Express, Coal and Van Company, a corporation, of the City of Chicago, their executors, administrators, or assigns, all damages which may be sustained by the said defendant, or any one or more of them by reason of the wrongful issuing of such injunction, and also all such costs and damages as shall be awarded against the said complainant in case said injunction shall be dissolved; and also pay all costs and

money due to the plaintiff in case #510,935, entitled *Daniel J. Garst vs. Frank Prentiss,* in the Municipal Court of Chicago, Illinois, and such damages as may be awarded in case said injunction be dissolved then the above obligation to be void; otherwise to be and remain in full force and virtue.''

The plaintiff began this suit alone, filing his affidavit for attachment on which the writ was duly issued and served. In that connection, he filed his attachment bond, with himself as principal, and Katie Garst as surety. The first statement of claim appearing in the record is entitled *"Fred Garst vs. Charles S. Jackson."* Later, the court gave the plaintiff leave to file an amended affidavit for attachment and attachment bond. These were duly filed. The plaintiff was the affiant in the new affidavit. In the new attachment bond, all the obligees in the injunction bond, on which this suit is based, appeared as principals with Katie Garst as surety. At the same time, the court granted the plaintiff leave to withdraw his statement of claim and substitute another one. In this new statement of claim, all the obligees in the injunction bond appear as parties plaintiff. A motion was duly made by the defendant to strike this last statement of claim from the files, which motion was denied, whereupon the defendant filed his affidavit of merits.

On the trial, the plaintiff introduced the bond on which this suit is based, and a certified copy of a decree entered in the injunction proceedings in the Circuit Court, on the suggestions of damages, in which the court found that Fred Garst, one of the defendants in that case, had sustained damages and assessed the same at $686.02, and decreed that the complainant, Prentiss, pay the same with interest thereon from that date. The plaintiff further introduced in evidence a disclaimer in writing wherein all the "co-plaintiffs" herein disclaimed "any right, title or interest to any damages which we may be entitled to by virtue of

being co-obligees in the bond sued on.'' This was signed by all the obligees in the bond except Fred Garst. The court overruled the defendant's motion to dismiss the suit at the close of the evidence, and assessed damages in favor of the plaintiff for $720.32, being the amount of damages awarded to Fred Garst in the injunction proceedings in the Circuit Court, and interest thereon, and entered judgment for the penal sum of the bond, from which judgment the defendant has appealed.

Section 8 of chapter 69 of the Illinois Statutes (J. & A. ¶ 6168) under which this bond was given, reads as follows: ''Before an injunction shall issue to enjoin a judgment, the complainant shall give bond to the plaintiff therein, in double the amount of such judgment, with sufficient surety, approved by the court, judge or master, conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved. If the injunction be dissolved in whole or in part, the complainant shall pay, exclusive of legal interest and costs, such damages as the court shall award, not exceeding ten per centum, on such part as may be released from the injunction.''

It will be seen that the bond involved here not only contains those conditions prescribed by the statute, but it is further conditioned to pay the obligees in the bond such damages as may be ''sustained'' by them ''or any one or more of them'' by reason of the wrongful issuing of the injunction. This is a voluntary obligation given on a good consideration, namely, the issuing of the injunction, and, as such, is binding on the defendant, not only as to its so-called statutory conditions, but also as to the condition it contains and which is beyond those specified in the statute. *Wanless v. West Chicago St. R. Co.*, 77 Ill. App. 120; *Barnes v. Brookman*, 107 Ill. 317. The bond involved

in this case is a covenant running to the obligees jointly under conditions of which at least one is joint and several expressly, and the others may be said to be by implication. The legal interest of the obligees in the bond is joint by virtue of the language employed in the covenant of the bond, and therefore they must all appear as parties plaintiff in any suit brought on the bond. Although all the obligees in this bond, other than Fred Garst, the original plaintiff, became parties herein, somewhat irregularly, the defendant made no motion to strike or dismiss, nor has he assigned any error on that ground, and he must, therefore, be deemed to have waived any such irregularity in the procedure. However, as our Supreme Court said in *International Hotel Co. v. Flynn,* 238 Ill. 636, at page 641, in quoting from *Emery v. Hitchcock,* 12 Wend. (N. Y.) 156, "the legal interest of a party in the contract or covenant and the benefit to be derived from or under it are very different things and must not be confounded," and although all the obligees in the bond must join in the suit on the bond where they have a joint legal interest in it, the judgment will be for the use of that party who is shown to be equitably entitled to the money, where the condition is joint and several, and binds the obligors to pay the obligees such damages as have been sustained by them or any one or more of them. The judgment for the plaintiff was reversed in the case of *International Hotel Co. v. Flynn, supra,* because only one of the two obligees, whose legal interest in the bond was joint, appeared as party plaintiff in the suit. In the case at bar, the trial court did not err in overruling defendant's motion to strike the last statement of claim from the files on the ground that it alleged damages as to one of the obligees alone, nor in admitting evidence of such damages, nor in overruling defendant's motion to dismiss on the ground that the evidence disclosed no damages to the obligees jointly.

The surety on an injunction bond, conditioned to pay such damages as may be awarded against the complainant in case the injunction shall be dissolved, is generally concluded by the damages as so awarded in that action, although he is not a party thereto. *Weaver v. Poyer,* 73 Ill. 489; *McAllister v. Clark,* 86 Ill. 236. It may well be, as contended by the defendant, that upon the dissolution of the injunction it was error for the trial judge in that action to award damages against the complainant in an amount exceeding 10 per centum of the judgment which had been enjoined. *Higgins v. Bullock,* 73 Ill. 205, 209; *Camp v. Bryan,* 84 Ill. 250; *Hollister v. Sobra,* 264 Ill. 535, 547. But this is not an appeal from that decree, nor does the record show that any appeal was ever prayed in that case.

A reasonable construction of the language employed in this bond makes all the conditions it contains joint and several so that by this second condition set forth in it the obligors undertake to pay such costs and damages as shall be awarded the obligees ''or any one or more of them,'' although those precise words as contained in the first condition are not repeated. Therefore the trial court did not err in admitting in evidence the decree awarding damages which had been entered in favor of one of the defendants in the injunction proceedings, who is one of the plaintiffs here, and that ruling would not be error even if the recovery in this case is limited, as contended for by the defendant, to the first condition of the bond wherein the obligors undertake to pay such damages as may be ''sustained'' by the obligees, or one or more of them, for the decree in question, finding that the defendant Fred Garst (plaintiff here) had sustained damages and assessing them at a given amount and awarding damages as so assessed, was at least prima facie evidence that he had ''sustained'' damages and to the extent as there awarded. Such decree was admissible under either condition of the bond, notwithstanding

the fact it awarded damages of an amount that was in excess of the 10 per centum of the judgment enjoined. We have carefully examined the record and are of the opinion that the prima facie case as thus made out by the plaintiff was not overcome by the evidence submitted.

For the reasons given, the judgment of the Municipal Court is affirmed.

*Affirmed.*