## Venita Gould Jones, Appellee, v. Maxwell M. Jones, Appellant.

### Gen. No. 26,192.

1. APPEAL AND ERROR—*when dismissal of appeal is not breach of appeal bond.* The dismissal of an appeal for want of jurisdiction was not a breach of an appeal bond conditioned upon the payment of the amount of the judgment, costs, interest and damages rendered and to be rendered against the principal.

2. APPEAL AND ERROR—*when appeal bond is void.* Where a bond is given to perfect an appeal that cannot lawfully be taken, it is without consideration and therefore void.

3. APPEAL AND ERROR—*when surety on appeal bond is not discharged.* Where, after the dismissal of an appeal, the trial court entered an order on the principal in the appeal bond to pay the amount of the judgment, the entry of such order did not discharge the surety on the bond from his obligation thereunder, at least where such surety in his affidavit of merits, filed in the suit on the appeal bond in question, did not make any claim to that effect and where he did not contend that any part of the indebtedness had been paid or waived or in any way discharged.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed. Opinion filed December 21, 1921. *Certiorari* denied by Supreme Court (making opinion final).

LOUIS BRANDES, for appellant.

SHORT, DAVIS & RUST, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal from a judgment rendered in the municipal court in favor of the plaintiff, Venita Gould Jones, against the defendant, Maxwell M. Jones, in the sum of $368.07 on an appeal bond signed by the defendant as surety, which bond was given in the superior court upon an appeal to this court by Harold R.

Jones from a decree entered in the superior court in favor of the plaintiff.

The statement of claim of the plaintiff sets forth that in the year 1919 she was the complainant and one Harold R. Jones was the defendant in a certain suit then pending in the superior court of Cook county; that a certain order was entered in that suit on September 22, 1919, from which Harold R. Jones prayed an appeal to the Appellate Court of the First District; that the said Harold R. Jones and the defendant herein, Maxwell M. Jones, entered into a certain appeal bond in the sum of $1,000, dated September 26, 1919; that the said Harold R. Jones failed to prosecute this appeal with effect, as conditioned in the bond, and on February 2, 1920, an order was entered in the Appellate Court directing that the appeal of Harold R. Jones be dismissed out of said court; that the defendant is indebted to the plaintiff by virtue of the bond for the amount of the order appealed from, being the sum of $358.07, and the amount of the appearance fee in the Appellate Court, being $10, together with interest on both sums.

On March 29, 1920, the defendant, Maxwell M. Jones, filed an affidavit of merits. He therein admitted that he had executed the appeal bond as surety for Harold R. Jones, but claimed that he did so believing that the order appealed from was such an order as would justify an appeal to the Appellate Court. The affidavit of merits further set forth that immediately after the execution of the bonds briefs were filed on behalf of Harold R. Jones, but that prior to the determination of the appeal the plaintiff moved to dismiss the appeal on the ground that the order entered in the superior court was not appealable and that that motion being granted and the appeal being dismissed, the condition of the bond, as far as the defendant is concerned, was not broken.

And it further set forth in the affidavit of merits that

since the dismissal of the appeal in the Appellate Court and prior to the institution of this suit in the municipal court, an order was entered in the superior court in the suit mentioned in the bond that Harold R. Jones pay to the plaintiff the sum of $823.22, consisting of the amount of $368.07, which is the amount sued for in the instant case, and the sum of $455.15, being the amount set forth in another suit on another bond executed by the same defendant, in full satisfaction and discharge of the amount mentioned in said bonds, and that by reason hereof the complainant is estopped and debarred from recovering on the bond in this cause.

On April 5, 1920, the trial judge, on motion of counsel for the plaintiff, struck the affidavit of merits from the files and the defendant electing to stand on his affidavit of merits judgment was then entered in favor of the plaintiff and against the defendant in the sum of $1,000 in debt, and the sum of $368.07 damages, together with the costs. This appeal is taken from that judgment.

The condition of the bond—a copy of which was attached to the statement of claim—upon which this suit is brought is as follows:

"Now, therefore, if the said Harold R. Jones shall duly prosecute his said appeal with effect, and moreover, pay the amount of the judgment, costs, interests, and damages rendered, and to be rendered against Harold R. Jones in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue."

It is contended by counsel for the defendant that inasmuch as the appeal to this court was dismissed upon motion of counsel for the plaintiff (appellee here) on the ground that the order appealed from was not an appealable order—being merely interlocutory—the judgment in the municipal court against the surety on the bond was erroneous.

Upon the question whether suit can be maintained on an appeal bond given to secure an appeal where no appeal lies, and the bond is without consideration, the authorities are in conflict. In some cases it is held, and seemingly with the best reason, that where the bond is given to perfect an appeal that cannot lawfully be taken, it is without consideration and, therefore, void. *Blair v. Reading,* 103 Ill. 375; *Ashley v. Brasil,* 1 Ark. 144; *Memmler v. Roberts,* 81 Ga. 351; *Henry v. Great Northern R. Co.,* 16 Wash. 417; 2 Cyc. 928. In other cases it is held that the obligors in a bond given for an appeal that does not lie are estopped to plead either want of consideration or jurisdiction. 2 Cyc. 929, and cases there cited. In this State, however, the principle announced in the *Blair* case, *supra,* seems to be decisive of the instant case.

In that case a decree for the payment of certain moneys having been obtained against a defendant, and the defendant desiring to have the decree reviewed on a writ of error in the Supreme Court, obtained a *supersedeas* and gave a bond which provided that the defendant should pay to the plaintiffs the sum of money mentioned in the decree in case the decree should be "affirmed by the dismissal of said writ of error or upon hearing, and for the payment of whatever judgment may be rendered in the Supreme Court." Subsequently, suit was brought upon that bond by the obligees and it was claimed in the trial court by the obligor, that the defendant did not prosecute his appeal in the Supreme Court with effect but made default in that regard. In reversing the judgment of the trial court, which had been entered in favor of the plaintiff, Mr. Justice Scott said: "As a matter of fact, the decree contained in the transcript was not 'affirmed by a dismissal of the writ' of error in the Supreme Court. It was dismissed for want of jurisdiction in the court to hear the writ at all. That was in no sense an affirmance of the original decree.

A dismissal of a writ of error for want of prosecution when the court has jurisdiction of the case, has always been treated as an affirmance of the decree or judgment, within the meaning of the usual conditions of such bonds. But the rule must be different where the court has no jurisdiction in the premises. It is for the obvious reason the court has no jurisdiction to pronounce a judgment of affirmance, and it would be a *non sequitur* to say a court may affirm a decree when it has no jurisdiction to hear the case for any purpose."

We do not think that *Gilmore v. Lewinsohn*, 189 Ill. App. 546, nor *Moses v. Royal Indemnity Co.*, 276 Ill. 177, are in conflict with *Blair v. Reading, supra*.

In the instant case, the appeal having been dismissed upon motion of the appellee for want of jurisdiction in the court to hear the appeal—the order appealed from being merely interlocutory—it cannot reasonably be said that the dismissal of the appeal was an affirmance of the judgment. The action of this court when it decided that motion and concluded that it did not have jurisdiction of the appeal constituted a refusal to act upon the merits of the proceedings. It was a refusal to affirm or reverse and so cannot be considered as constituting anything in the nature of a judgment of affirmance.

It is contended further that, inasmuch as an order was entered in the superior court that the defendant in that cause, Harold R. Jones, pay the amount mentioned in the bond in question, the defendant herein, Maxwell M. Jones, being a surety, was by reason thereof discharged from the obligation of the bond. That contention, however, is untenable. It is not set up in the affidavit of merits nor is it contended that any part of the indebtedness has been paid, or waived or in any way discharged.

For the reasons stated, the judgment is reversed.

*Reversed.*

O'CONNOR, P. J., and THOMSON, J., concur.