Hazel M. Griefen, Executrix of Estate of Harriet A. Mitchell, Deceased, Appellee, v. George A. Garin and Standard Surety and Casualty Company of New York.

Appeal of Standard Surety and Casualty Company of New York, Appellant.

Gen. No. 41,957.

Opinion filed March 10, 1943.

WENDELL H. SHANNER, of Chicago, for appellant; WILLARD HUMMELAND, of Chicago, of counsel.

CHAS. O. RUNDALL, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for breach of a bond given to an administrator in the Probate Court of Cook County and by him assigned to plaintiff as executrix under a subsequent will. The trial was by the court without a jury with judgment for plaintiff for $1,870.85. The surety company has appealed. The facts were stipulated subject to certain objections of plaintiff.

Harriet A. Mitchell died May 11, 1936, leaving twenty-two heirs at law and next of kin. A nephew, Kailer, appointed administrator May 18, 1936, searched with others, without success, for a will. November 2, 1936, claims of less than $1,200.00 were

allowed and paid in due course. An inventory filed October 17, 1936, showed assets of approximately $67,000.00.

November 3, 1936, Kailer by virtue of a court order authorizing partial distribution, upon receiving from Garin a bond, distributed $1,500.00 to Garin, an heir, entitled to one-fifth of the estate.

December 1, 1936, plaintiff appeared in the estate by virtue of a contract wherein she claimed decedent was obliged to adopt plaintiff and under which contract decedent had reared her from childhood.

May 20, 1937, Kailer filed a current account with credit for payment to Garin. Plaintiff made no objection to that item. January 22, 1938, plaintiff presented for probate an unsigned copy of decedent's will dated January 21, 1909, which decedent had unsuccessfully tried to revoke in 1914 and which had later been destroyed. None of the parties here knew of its existence until the latter part of 1937. The Probate Court admitted the will March 25, 1938. This court approved that order (*In re Estate of Mitchell,* 305 Ill. App. 289) and Kailer on November 6, 1940 was removed as administrator and plaintiff qualified as executrix. Thereafter, Kailer presented his final account. Plaintiff objected to the credit of $1,500.00 paid to Garin.

The bond, subject of this proceeding, was assigned to plaintiff January 20, 1941. She as sole beneficiary in the will made demand upon Garin and defendant to pay her the sum distributed and her demand not complied with, the Probate Court directed defendant to pay. There was no money judgment against defendant but the court did, by order, cancel defendant's authority to write bonds in the Probate Court. Defendant appealed to the Circuit Court from the directive order, which appeal, numbered 41–C–2249, was consolidated with the instant proceeding as 41–C–1665.

The issue is upon the character of the bond and presents a question of law. Defendant contends it is a statutory obligation indemnifying Kailer and his assignee against loss through claims of creditors unpaid because of the disbursement. Plaintiff contends that it is a common law obligation indemnifying the estate. The bond was ordered under provisions of Rule 17 of the Probate Court in effect at the time which required, among other things, that in all cases of partial distribution to heirs, "before the expiration of one year from date of letters, a refunding bond shall be required from the distributees to indemnify the estate against loss by reason of such distribution." The order required "an indemnifying bond." The bond provided for indemnity to Kailer, administrator, "against any and all loss, cost, damages or expense" accruing by reason of the payment to Garin. Chapter 3, par. 119, sec. 117, Ill. Rev. Stat. 1937, then in force, required a bond, payable to executors or administrators for their indemnity, from legatees or distributees to insure "payment of debts" appearing against the estate after distribution. It is apparent that Rule 17 provides for indemnity to the estate. The order is not clear in its requirements of the bond. The bond, itself, runs to Kailer indemnifying him against loss and the statute requires the bond for his indemnity.

Plaintiff contends Rule 17 is broader than the statute and that the bond was entered into voluntarily, is valid at common law, not in contravention of nor repugnant to Illinois law or policy. There is no charge or proof of bad faith on Kailer's part and, consequently, no tortious aspect. Kailer's conduct in searching for the will, and having authority for distribution to Garin, meets the standard of reasonable conduct established in Illinois for personal representatives. *Christy v. Christy*, 225 Ill. 547. Under the circumstances Kailer is entitled to the court's protection. *In re Estate of Togneri*, 296 Ill. App. 33, 24 C. J. 498.

He is not liable personally to reimburse the estate and under the general rule, since there is no proof of any loss by him, then by the terms of its obligation, the defendant is not liable. *City of Chicago v. Siebert,* 244 Ill. App. 83; *Corn Belt Bank v. Maryland Casualty Co.,* 281 Ill. App. 387. Plaintiff does not dispute these principles, and we believe they are sound for otherwise administration of estates of decedent would suffer for lack of confident, conscientious representatives. Plaintiff relies upon the provisions of Rule 17. It is important to note that the rule requires a refunding bond in all cases for partial distributions made within a year after the date of letters. That provision supports defendant's view of the bond, because clearly, the provision is intended to protect creditors.

We believe that whether the obligation in question was a statutory refunding bond or a common law bond, plaintiff has no right of action because in either event loss by Kailer was an essential element, for the bond, because of the statute and by its terms, ran to Kailer. It is our opinion that the bond is clearly a statutory refunding bond, required under the terms of sec. 117, ch. 3, Ill. Rev. Stat. 1937 and, accordingly, that section prevails regardless of the language of Rule 17 of the Probate Court. Section 117 provides for indemnity to the administrator as well as protection for creditors of the estate. There is no claim or proof of loss by Kailer and plaintiff is a legatee, not a creditor, (*Wolf v. Griffin,* 13 Ill. App. 559), and does not come within the protection offered by section 117. *People v. Admire,* 39 Ill. 251; *Klicka v. Klicka,* 105 Ill. App. 369. The provisions of section 118, in referring to "payments of debts" confirms our view.

We have considered *Barnes v. Brookman,* 107 Ill. 317; *Garst v. Jackson,* 211 Ill. App. 360 and *Richardson v. People for use of Dugger,* 85 Ill. 495, cited by plaintiff. They are not helpful to the decision and the rule of ambiguity in the *Richardson* case is not appli-

cable because there is no ambiguity in the bond in the instant case.

For the reasons herein given the judgment of the trial court is reversed and the cause remanded with directions to the Circuit Court to enter judgment for the defendant.

*Judgment reversed and cause remanded with directions.*

BURKE, P. J., and HEBEL, J., concur.