(No. 27299.—

HAZEL M. GRIEFEN, Exrx., Appellant, *vs.* GEORGE P. GARIN *et al.*—(STANDARD SURETY AND CASUALTY COMPANY OF NEW YORK, Appellee.)

*Opinion filed January 18, 1944—Rehearing denied March 16, 1944.*

Charles O. Rundall, of Chicago, for appellant.

Barrett, Barrett, Costello & Barrett, and Wendell H. Shanner, all of Chicago, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

On May 18, 1936, administration was started in the probate court of Cook county on the estate of Harriet A. Mitchell, deceased, and Louis G. Kailer, a nephew, was appointed administrator. He took charge of the assets of the estate, filed an inventory and caused notice to be published fixing November 2, 1936, as the date for creditors to file claims against the estate. All claims filed were paid in the course of administration. Later he filed various petitions asking for an order to make a partial distribution to some of the heirs-at-law. In the petition asking for a partial distribution to George P. Garin, the only one pertinent to this appeal, filed in November, 1936, it was alleged that the cash assets and negotiable bonds in the hands of the administrator then exceeded $50,000 and that substantially all the claims had been paid; that George

P. Garin would be entitled to one fifth of the estate and that he had already received in former distributions the sum of $2000. It was alleged that Garin had requested an additional $1500 and that he was ready, willing and able to file a refunding bond of $3000 indemnifying the administrator for making such distribution to him. The petition was allowed and the order entered included the following: "It is ordered that Louis G. Kailer, administrator of the estate of Harriet A. Mitchell, deceased, be and he is hereby authorized to pay to George P. Garin the sum of $1500 in partial distribution of said estate. It is further ordered that the said sum of $1500 be paid by the said Louis G. Kailer only after the receipt by him of an indemnifying bond from the said George P. Garin in the sum of $3000." The refunding bond required by said order was executed by Garin and the defendant Standard Surety and Casualty Company of New York in the sum of $3000. It was delivered to Kailer, administrator, and $1500, as a partial distribution, was paid to Garin.

When the order was entered none of the parties knew of the existence of a will which was subsequently discovered and admitted to probate. (*In re Estate of Mitchell*, 305 Ill. App. 289.) After the will was admitted to probate, plaintiff qualified as executrix thereunder and Kailer was removed as administrator. On February 7, 1941, plaintiff filed a petition in the probate court setting forth the facts in reference to the several partial distributions which included the $1500 paid to Garin. She prayed that an order be entered directing Garin and the surety company to pay her $1500 as representing the sum paid to Garin. The surety company answered and, after a hearing, an order was entered finding that Kailer had, individually and as administrator of the estate, assigned all interest he had in the Garin refunding bond to the plaintiff. The petition did not pray for, and the court did not enter, a judgment against Garin and the surety company. It merely directed

payment to plaintiff of the sum of $1500. The surety company appealed to the circuit court of Cook county from that order.

After the foregoing order was entered, plaintiff filed an action at law in the circuit court of Cook county in which she declared on the bond. The complaint set forth the entry of the order of the probate court directing Garin and defendant surety company to pay the $1500. Defendant surety company answered, admitting execution of the refunding bond, the entry of the order of the probate court directing payment, but challenged the jurisdiction of the probate court to enter said order and denied that the condition of the bond had been broken or that there was any liability to the plaintiff in any amount. The action at law and the appeal from the probate court were consolidated but there is nothing in this record to indicate that any action was taken in reference to the appeal matter. The material facts were stipulated and judgment was entered in the law action in favor of plaintiff and against the surety company for $1870.85, which included the $1500 paid to Garin as a partial distribution, interest at five per cent thereon from the date that the probate court ordered it paid to plaintiff, and attorney's fees and costs. Defendant appealed to the Appellate Court and that court reversed the judgment and remanded the cause with directions to enter judgment in favor of the defendant. (*Griefen* v. *Garin,* 318 Ill. App. 151.) This court granted plaintiff's petition for leave to appeal.

At the time the order for partial distribution was entered and the refunding bond given, section 117 of the Administration Act (Ill. Rev. Stat. 1937, chap. 3, par. 119,) provided that executors and administrators should not be compelled to pay legatees or distributees until bond and security was given "to refund the due proportion of any debt which may afterwards appear against the estate, and the costs attending the recovery thereof; such bond shall

be made payable to such executor or administrator, and shall be for his indemnity and filed in the court." Defendant contends the refunding bond was given to meet the requirements of this section and that its liability on the bond is measured by the provisions of the statute, that is "to refund the due proportion of any debt which may afterwards appear against the estate, and the costs attending the recovery thereof." From this it is argued that, since no claims were presented against the estate after the partial distribution was made, the condition of the bond was not breached.

When the probate court entered the order of partial distribution in favor of Garin, rule 17 of that court provided: "Authority of Court will be granted executors to make partial payment upon legacies, and to administrators to make partial distribution to heirs only after the return day fixed for the adjudication of claims and upon report and proof showing payment of all claims allowed, and a cash balance in the hands of the executor or administrator that shall warrant partial distribution, and in all cases of partial distribution to heirs or legatees, before the expiration of one (1) year from date of letters, a refunding bond shall be required from the distributees to indemnify the estate against loss by reason of such distribution, unless for good cause shown, the Court shall otherwise order." Plaintiff contends that the bond was given to meet the requirements of the rule of court and is enforceable as a common-law bond.

The bond, in the sum of $3000, ran to Louis G. Kailer, as administrator of the estate of Harriet A. Mitchell, deceased. It contained recitals of facts showing that George P. Garin was one of the heirs-at-law of Harriet A. Mitchell, deceased, and as such was entitled to a distributive share in her estate. The appointment of Kailer as administrator was set forth. It recited the entry of the order of partial distribution to Garin to the extent of $1500 "upon giving

a Refunding Bond pursuant to statute." The condition was that if George P. Garin should indemnify and save harmless the said administrator "against any and all loss, costs, damages or expense that may accrue or be incurred by reason of his turning over the sum of Fifteen Hundred and No/100 ($1500.00) Dollars to the said George P. Garin of Chicago, Illinois, and shall pay any and all attorney's fees, court costs, or stenographer's fees, or expense that may be incurred by reason of such distribution before the closing of the estate of Harriet A. Mitchell, deceased, then this obligation to be void; otherwise to be and remain in full force and effect." The bond concluded with the following paragraph: "This Bond Is Executed by the Surety upon the express condition that its liability on the said bond terminates upon the approval by the Probate Court of the Administrator's final account showing the distributive share of the above named Principal, George P. Garin, of Chicago, Illinois, to be equal to or in excess of the amount advanced as aforesaid, any provisions in this bond to the contrary notwithstanding."

If the bond was to be limited in its liability, on condition broken, to the language of the statute, it should have been restricted to a recovery of the proportion of any debt which should appear against the estate after the distribution was made plus costs incurred in its recovery. The language employed makes for a greater liability than the condition incorporated in the statute. When the bond was given, the petition and order for partial distribution then on file in the probate court showed that the debts against the estate were substantially all paid and that more than $50,000 cash assets and negotiable bonds remained in the hands of the administrator, one fifth of which would, on final distribution, belong to Garin as an heir-at-law. It must be assumed that defendant acquainted itself with these facts before executing the bond. There was nothing in the petition or order granting it which supports defend-

ant's theory that the only requirement of the court order was to give a bond limited in liability to the language of the statute.

Defendant contends the bond was conditioned to indemnify and save harmless Kailer, as administrator, against loss and costs and since his part in the administration of the estate was accomplished without loss, plaintiff, as assignee of the bond, has no right of recovery against defendant. Defendant states its contention thus: "A bond indemnifying the obligee against loss will not support an action unless loss has actually been sustained by such obligee," and cites *Kinnan* v. *Hurst Co.* 317 Ill. 251, as a leading case in support thereof. The case supports the statement of law to which it is cited but as a principle of law it has no application to the bond in this case. In the *Kinnan case*, the indemnifying contract ran direct to the Hurst Company and provided for indemnity against certain specified losses of which plaintiff Kinnan's claim was one. In this case, the contract of indemnity was to the administrator of the estate and not to him individually. If the estate sustained a loss, it was the administrator in his representative capacity who could enforce the obligation of the bond. It was an undertaking with him and, indirectly, with those who would ultimately be entitled to the estate. In legal effect, it was an agreement to indemnify the estate "against any and all loss" that might accrue or be incurred by reason of the payment of the partial distribution to Garin. The liability was not restricted or conditioned upon the possibility of later presentation of claims against the estate nor was it limited to loss accruing to the estate caused by Kailer's negligence or willful actions.

There was nothing in rule 17 of the probate court that was in contravention of the statute. The probate court was acting within the law when it promulgated a rule which set forth more stringent requirements for partial distribution than those covered by statute. It was not a

statutory bond but, under the circumstances shown, was enforceable as a common-law bond.

It has long been the established rule of law in this State that an obligation entered into voluntarily and for a sufficient consideration, unless it contravenes the policy of the law or is repugnant to some provisions of the statute, is valid and enforceable as a common-law obligation, notwithstanding it may have been given with the intent to execute it pursuant to a statute, with the terms of which it does not strictly comply. (*Pritchett* v. *People,* 1 Gilm. 525; *Fournier* v. *Faggott,* 3 Scam. 347; *Barnes* v. *Brookman,* 107 Ill. 317.) This bond was voluntarily entered into, was based upon a sufficient consideration and it did not contravene the policy of the law, and was not repugnant to any statutory provisions.

Other contentions are made, based upon an erroneous conclusion as to the legal effect of the directive order of the probate court directing defendant and Garin to pay the $1500 due plaintiff and the effect of the order of that court approving Kailer's report for 1937 which showed partial distribution to Garin of $1500. The order directing payment to plaintiff was not relied upon in the action at law by plaintiff as an adjudication of defendant's liability. The suit upon which the trial court entered judgment and which is before this court was founded upon the bond and defendant's liability arises out of its provisions and not by anything that was determined by the directive order of the probate court. The order did not foreclose defendant's right to assert in the action at law any defense it had. The allegation in plaintiff's complaint that the order was entered was admitted in defendant's answer but as to the issues made by the pleading it amounted to nothing more than notice to defendant of the demand. As to the order approving the current report for 1937, it is sufficient to note that it does not appear that plaintiff was an heir-at-law of decedent. She was not before the court in that

administration proceeding as an heir. The order admitting the will to probate, under which she claims, had not been entered when the current report of 1937 was approved.

The Appellate Court erred in reversing the judgment of the circuit court, and its judgment will be reversed and the judgment of the circuit court affirmed.

*Judgment of Appellate Court reversed;*
*judgment of circuit court affirmed.*