Albert W. Matthews, Appellant, v. Trinity Universal Insurance Company, Appellee.

Term No. 46M22.

Opinion filed October 4, 1946. Released for publication November 12, 1946.

Philip G. Listeman and Whitnel, Browning, Listeman & Walker, all of East St. Louis, for appellant; Lloyd Middleton, of St. Louis, Missouri, of counsel.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and NORMAN J. GUNDLACH, all of East St. Louis, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by Albert W. Matthews, appellant (hereinafter called plaintiff) from a judgment in bar of action entered on the pleadings in favor of appellee, Trinity Universal Insurance Company (hereinafter called defendant).

The action of plaintiff is predicated upon a bond in the penal sum of $2,300, executed by the Village of Washington Park, as principal, and with the defendant as surety. A compensation award had been entered against the village, and the village sought to reverse such award entered against it by the industrial commission in the circuit court of St. Clair county. The bond was filed as a part of such proceeding, for review. The plaintiff had sustained a compensable injury while employed by the village.

The bond in question provided that the condition of the obligation was that whereas the industrial commission of the State of Illinois, did, on December 11, 1944, render an award against the Village of Washington Park for the sum of $3,126, and whereas the Village of Washington Park was "about to file a praecipe for a writ of certiorari" or a suit in chancery in the circuit court of St. Clair county, Illinois, to review said award, decision and record of said industrial commission,

" . . . . Now, therefore, if the above bounden Village of Washington Park, Illinois shall not successfully prosecute said writ or said suit and in that event shall pay said award and the costs of the proceeding in said court, then this obligation to be void, otherwise to remain in full force and effect."

The proceeding in the circuit court of St. Clair county to review the industrial commission's decision

was commenced on January 5, 1945, by filing of a praecipe for a writ of certiorari with the circuit clerk; the receipt of the industrial commission for the probable costs of the record, and the bond executed by the defendant. The clerk, pursuant to the direction of the praecipe issued a writ of certiorari, addressed to the industrial commission, and likewise, issued writs of scire facias directed to plaintiff and his attorney.

The bond in question was not marked "approved" by the clerk of the circuit court until February 2, 1945. On February 5, 1945, on motion of the plaintiff the certiorari proceedings instituted by the village were dismissed, and the writs were quashed. The basis for the dismissal of the certiorari proceedings was the failure of the clerk to approve the bond within a period of 20 days, as provided by the compensation act.

By way of verified answer to the complaint in the proceeding below, the defendant asserted that by reason of the statute, Ill. Rev. Stat. 1945, ch. 48, par. 156 (f) 2 [Jones Ill. Stats. Ann. 143.34, subd. (f) (2)], the bond executed by the defendant, which is the basis of the action in this proceeding, is of no force and effect and was voided by the acts of plaintiff in having the writs of certiorari and scire facias quashed. Plaintiff filed a motion to strike such verified answer on the ground that the matters of affirmative defense thus set up did not constitute a bar to his claim. The cause was thus presented for determination of the court on the pleadings. Such motion was denied and the court, after plaintiff elected to stand by such motion, entered judgment in bar to plaintiff's action, and a judgment for costs as against plaintiff. It is from such judgment that this appeal is taken. It is the contention of plaintiff that the affirmative defense did not bar plaintiff's right to recover on the bond.

██ ██ It is recognized that review by the circuit court of a decision of the industrial commission is a purely statutory proceeding and that all steps re-

quired by the statute must be literally fulfilled to give that court jurisdiction (*Visioni v. Industrial Commission,* 379 Ill. 608, 611.) The filing, however, of a praecipe for a writ of certiorari with the clerk of the circuit court is deemed to be the commencement of a proceeding or suit to review a decision of the industrial commission (*Oriental Laundry Co. v. Industrial Commission,* 293 Ill. 539, 544).

It is, likewise, recognized that the statute requires that a bond be filed and approved by the circuit court as a necessary step to invoke the jurisdiction of the circuit court over the proceedings, and that unless such bond is approved of record within 20 days from the date the industrial commission's decision is received by the parties, the circuit court does not obtain jurisdiction to proceed (*Village of Glencoe v. Industrial Commission,* 354 Ill. 190, 194).

Neither party to this proceeding has questioned the propriety of the action of the circuit court in dismissing the writs of certiorari and scire facias. Plaintiff, however, points out that the bond in question was a voluntary obligation conditioned upon the successful prosecution of an appeal, and points out that in the *Village of Glencoe v. Industrial Commission* case, *supra,* the court determined that the bond did not comply with the statute and was ineffectual to give the court jurisdiction. It did not, however, conclude that the bond was void and of no binding effect.

In *Terre Haute & I. R. Co. v. Peoria & P. U. Ry. Co.,* 81 Ill. App. 435 (aff'd 182 Ill. 501), the Appellate Court stated (at page 444), "Where an obligor has voluntarily given the undertaking and delayed the enforcement of the decree, lack of jurisdiction in the court does not present a valid defense to an action upon the bond." Other cases have similarly held that even though the court to which the appeal was taken might not acquire jurisdiction of the cause, the surety can nevertheless be held responsible upon the bond

given as part of such appeal (*Meserve v. Clark,* 115 Ill. 580, 582; *Griefen v. Garin,* 385 Ill. 471, 478.)

The contention is made by the defendant that since the approval of the statutory bond in question was jurisdictional that liability could not be imposed upon the bond in question, which defendant contends was required as a condition precedent to the court's jurisdiction. The cases of *Blair v. Reading,* 103 Ill. 375 and *Jones v. Jones,* 223 Ill. App. 214, 217 and 218, are cited in support of such position. In each of such cases the condition of the bond was to pay in the event the judgment was affirmed. The appeal in each case was dismissed because the court did not have jurisdiction and it was held that such dismissal could not be an ''affirmance.'' It was, therefore, held that the condition of the bond was not broken. In the *Blair v. Reading,* case, *supra,* the court held that the Supreme Court did not have any jurisdiction to entertain the appeal, and in the *Jones v. Jones* case, *supra,* the appeal was from an interlocutory order which was not appealable under any circumstances.

In the case before us the court obviously had jurisdiction to review the award. The dismissal of the proceedings resulted not from a lack of jurisdiction to hear and determine the case, but from a failure of the village to perform certain requirements to enable the court to exercise the right of review given by the statute. Likewise, in the present case, the condition of the bond was upon the successful prosecution of the appeal, not upon affirmance. To conclude that there is no right of recovery on the bond in the instant case because of the dismissal of the appeal would be inconsistent with the precise provisions of the bond. The village in the instant case failed to prosecute said writ. The plaintiff was delayed in the enforcement of his judgment and was put to expense and trouble in disposing of the appeal. The court below should, therefore, have allowed the motion to strike on behalf

of the plaintiff and should have entered judgment in favor of plaintiff, if no other defense was raised other than that disclosed by the verified answer as shown by the record.

The judgment of the circuit court of St. Clair county will, therefore, be reversed and the cause is remanded to such court for further proceedings in accordance with the conclusions stated in this opinion.

*Reversed and remanded, with directions.*

STONE and BARTLEY, JJ., concur.