City of Chicago, Plaintiff-Appellee, v. W. L. McGhee and Capitol Indemnity Insurance Company, Defendants; Capitol Indemnity Insurance Company, Defendant-Appellant.

### Gen. No. 47,975.

First District, Second Division.

May 24, 1960.

Rehearing denied June 21, 1960.

Charles B. Evins and Howard T. Savage, of Chicago, for defendants and defendant-appellant.

John C. Melaniphy, Corporation Counsel (Sydney R. Drebin, Harry H. Pollack, of counsel) for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action upon an appeal bond covering an appeal dismissed by the Supreme Court. The trial court entered judgment in the City's favor against the Insurance Company as surety for $1302 with interest and costs. The surety appeals.

The City had recovered the basic judgment for $1302 against W. L. McGhee, and the Insurance Company executed and delivered their bond to the City, February 27, 1956, upon McGhee's appeal from the judgment to the Supreme Court. The bond was conditioned upon McGhee prosecuting his appeal with effect, and paying the judgment rendered "in case the said judgment shall be affirmed, . . . then the obligation to be void, otherwise to remain in full force. . . ."

McGhee's appeal in the Supreme Court was dismissed in the November 1956 Term of Court on motion of the City. The reason for dismissal was the failure to file an appropriate record. This suit followed.

The trial court without a jury heard evidence, found defendant Insurance Company "Guilty In Manner And Form As Charged In Plaintiff's Statement

Of Claim And Assesses The Plaintiff's Damages At The Sum Of Thirteen Hundred And Two/No/100 Dollars ($1302.00) In Tort." Judgment was entered accordingly. The Insurance Company's motion "for new trial and to vacate judgment" was denied.

The Insurance Company contends that the judgment must be reversed because it does not conform to the pleadings in that the suit is in "debt" on the bond and the finding is guilty in tort. There is no substance to the contention as we are not bound by the finding which erroneously refers to tort. Ill. Rev. Stat., ch. 110, sec. 64(3) (1959). Cases cited by the Insurance Company decided long before the Civil Practice Act are not persuasive.

We see no merit either to the contention that the judgment does not conform to the finding. In addition to the judgment of $1302 based on the finding and terms of the bond, the judgment awarded interest of $229.69, Municipal Court costs of $10, and Supreme Court costs of $10. There is no claim that these figures are not true, but it is said that there is no transcript of evidence to support the judgment for these claims. In the absence of a transcript we presume the evidence supports the judgment. Farm Food Stores, Inc. v. Gianeschi, 320 Ill. App. 582, 51 N.E.2d 792. The bond itself provides for these items of damages, and the total award is within the limit of the obligation. We presume in the absence of a transcript that any issue of authority in the making of the bond was decided against the Insurance Company.

The principal question is whether the dismissal of the McGhee appeal in the Supreme Court was an affirmance of the basic judgment so as to give rise to the obligation of the Insurance Company under the bond.

In Blair v. Reading, 103 Ill. 375, a supersedeas bond was conditioned upon the principal performing the

decree against him "in case the writ of error should be dismissed, or the decree should be affirmed. . . ." The Supreme Court understood this to mean "in case the decree shall be 'affirmed by dismissal of the writ.'" The writ was dismissed by the Supreme Court "for want of jurisdiction to hear the writ at all." The court held this was not an affirmance because the court can not affirm a decree when the court has no jurisdiction to "hear the case for any purpose." The court also said that when the court has jurisdiction of the case, a dismissal for want of prosecution "has always been treated as an affirmance." 103 Ill. at 377.

We think that dictum suggests the decisive rule for this case. The Supreme Court dismissed McGhee's appeal, not because it had no jurisdiction "to hear the case for any purpose," but because McGhee did not file an appropriate record. The Blair case is distinguishable for that reason. Matthews v. Trinity Universal Ins. Co., 329 Ill. App. 455, 459, 69 N.E.2d 368. Were we to hold otherwise, a surety could by default, deliberate or intentional, deprive an innocent judgment creditor of his right under an appeal bond, and put him to expense and trouble in disposing of the appeal. Matthews v. Trinity Universal Ins. Co., 329 Ill. App. 455. The condition of the bond in the Matthews case did not require "affirmance" but that difference we deem insignificant. Koelling v. Wachsning, 174 Ill. App. 321. The general rule is that dismissal or abandonment operates as an affirmance within the meaning of an appeal bond conditioned as the one before us. 3 Am. Jur. 769 (1936).

Defendant relies principally upon Templeman v. People for the use of Usher, 292 Ill. App. 647. In that suit on a bond it was shown that the Appellate Court had dismissed the appeal because notice of appeal had not been filed in time. Judgment was against

27

the sureties. On appeal the Appellate Court reversed on the ground that the dismissal of the appeal did not amount to an affirmance. Since the Appellate Court relies upon Blair v. Reading, we infer that it was decided the appeal was dismissed because the court had "no jurisdiction to hear the case for any purpose." Reliance also was upon Jones v. Jones, 223 Ill. App. 214, where the rule in the Blair case was applied to hold that dismissal of an attempted appeal from an unappealable order did not amount to an affirmance of the judgment. The court in that case said, "In some cases it is held, and seemingly with the best reason, that where the bond is given to perfect an appeal that cannot lawfully be taken, it is without consideration and, therefore, void." 223 Ill. App. at 217.

■ We hold that the dismissal in the Supreme Court for want of McGhee's prosecution of his appeal was an affirmance of plaintiff's judgment entitling the City to recover on the bond.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.